MILWAUKEE POLICE ASSOCIATION and Ronald J. Nord, Plaintiffs-Respondents,

v.

CITY OF MILWAUKEE, Defendant-Appellant.†
[Case No. 82–1282.]

MILWAUKEE POLICE ASSOCIATION and Robert White, grievant, Plaintiffs-Appellants,

v.

CITY OF MILWAUKEE, a municipal corporation, Defendant-Respondent.†
[Case No. 82–1653.]

Court of Appeals

*Nos. 82–1282, 82–1653. Submitted on briefs April 13, 1983. Decided May 17, 1983.*
(Also reported in 335 N.W.2d 417.)

† Petition to review denied.

For the defendant-appellant (82–1282) and defendant-respondent (82–1653) City of Milwaukee the cause was submitted on the briefs of *James B. Brennan,* city attorney, and *Grant F. Langley,* assistant city attorney.

For the plaintiffs-respondents Milwaukee Police Association and Ronald J. Nord (82–1282) and plaintiffs-appellants Milwaukee Police Association and Robert White (82–1653) the cause was submitted on the briefs of *Kenneth J. Murray* and *Richard D. Moake* of *Murray & Moake, S.C.,* and *Laurie Eggert,* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J. Pursuant to Rule 809.10(3), Stats., these two appeals have been consolidated. Both involve the question of whether the termination of a probationary employe is arbitrable under the police collective bargaining agreement. We hold that it is not.

In the first case, Ronald J. Nord (Nord) was terminated after slightly more than a month as a probationary police officer when the department's medical panel found him to be physically unfit. This was then brought to arbitration over the objection of the city of Milwaukee (city)

and Chief of Police Harold Breier, who challenged the arbitrator's jurisdiction. The arbitrator ruled that he had jurisdiction, found the officer fit to perform his duties, and ordered him reinstated with full back benefits. This was in turn appealed to the circuit court. There, Judge Gerlach confirmed the arbitrator's award, holding that the termination, as not subject to appeal to the Board of Fire & Police Commissioners (board), constituted an arbitrable grievance under the terms of the contract. The city appeals.

In the second case, probationary police officer Robert White (White) was terminated after seven and one-half months of his probationary period for violation of a department rule which forbade unnecessary manhandling or mistreating a prisoner. White filed a grievance and an arbitration hearing was held. The arbitrator determined that the city had failed to prove that White had used unnecessary force and ultimately ordered that he be reinstated. White and the Milwaukee Police Association (MPA) moved the circuit court to confirm the award and the city moved to vacate the award. The circuit court, Judge Jennings presiding, vacated the award on the ground that the arbitrator had exceeded her jurisdiction. White and the MPA appeal.

Although the circumstances of the two terminations differ somewhat, the ultimate question in both is identical: is the termination of a probationary police officer an arbitrable grievance? In light of sec. 165.85, Stats., and *Kaiser v. Board of Police & Fire Commissioners*, 104 Wis. 2d 498, 311 N.W.2d 646 (1981), we hold that it is not.

White, Nord, and the MPA argue that the termination of a probationary employe is arbitrable under various general provisions of the collective bargaining agreement.[1] We cannot agree.

---

[1] The provisions of the collective bargaining agreement upon which White, Nord and the MPA rely are as follows:

Recently our supreme court made clear that a probationary police officer had neither constitutional nor statutory rights to a statement of reasons or to a hearing upon termination. *Id.* at 506, 311 N.W.2d at 650. In so holding, the court noted that probationary officers' employment is governed by sec. 165.85(4)(b), Stats. *Id.* at 503, 311 N.W.2d at 649. More importantly, the court quoted sec. 165.85(1), Stats., as a statement of legislative recognition of the importance of the appointment of able and capable personnel to this state's law enforcement bodies:

"*Findings and Policy.* The legislature finds that *the administration of criminal justice is of state-wide concern,* and that *law enforcement work is of vital importance to the health, safety and welfare of the people of this state and is of such a nature as to require training, education and the establishment of standards of a proper professional character.* It is in the public interest that such standards be established and that such training and education be made available to persons who seek to become law enforcement officers, persons who are serving as such officers in a temporary or probationary capacity and persons already in regular service." *Id.* at 504–05, 311 N.W.2d at 649–50. [Emphasis added.]

Section 62.13(4)(d), Stats., provides that boards of police shall examine candidates to determine their quali-

1. Differences involving the interpretation, application or enforcement of the provisions of this Agreement or the application of a rule or regulation of the Chief of Police affecting wages, hours, or conditions of employment shall constitute a grievance under the provisions set forth below.

Matters of departmental discipline involving application of the rules or regulations of the Chief of Police which are not subject to appeal to the Board of Fire and Police Commissioners, shall constitute a grievance under the aforementioned provisions and matters of departmental discipline involving application of the rules or regulations of the Chief of Police which are subject to appeal to the Board of Fire and Police Commissioners shall not constitute a grievance under the aforementioned provisions.

fications, and sec. 62.13 (4) (c) states that the rules governing examination shall be "calculated to secure the best service in the departments." Our supreme court has called the probationary period "an excellent means of examining candidates and . . . well-suited to securing the best service available." *Id.* at 504, 311 N.W.2d at 649.

We believe that to make a probationary termination arbitrable is to wholly vitiate the significance of a probationary term. As our supreme court noted in *Kaiser,* "In examining candidates the board may limit persons on the basis of 'residence, health, habits and character.' " [Emphasis deleted.] *Id.* To allow an arbitrator to reinstate a terminated probationary officer destroys the board's power to limit the selection of police officers on statutorily founded bases. Were we to so read the collective bargaining agreement to allow such a termination to be arbitrable, we would be allowing a general contractual term to govern over an express power to select as vested in police chiefs and boards granted in sec. 62.13 (4), Stats., and a clear manifestation of legislative intent that the standards for the training and education of police officers are matters of statewide concern, as evinced in sec. 165.85 (1), Stats. That we cannot do. Where a contractual provision is in direct conflict with a statute, the statute governs. *International Union, United Automobile, Aircraft & Agricultural Implement Workers v. J.I. Case Co.,* 250 Wis. 63, 73, 26 N.W.2d 305, 310 (1947).

White, Nord, and the MPA further argue that, because a city may agree by contract to limit the discretion of the police chief as long as that limitation is not expressly prohibited by law, and because the board has here declined to review probationary discharges, those discharges may be made subject to the grievance procedure. We disagree.

This argument is founded upon language in *Glendale Professional Policemen's Association v. City of Glendale,* 83 Wis. 2d 90, 264 N.W.2d 594 (1978). There, our su-

preme court held that a collective bargaining agreement provision that injected a seniority requirement into police promotions under sec. 62.13(4)(a), Stats., was licit because it "merely restricts the discretion [of the chief] that would otherwise exist." *Id.* at 103, 264 N.W.2d at 601 (footnote omitted). We determine that *Glendale* is inapposite here because we are faced with a situation where discretion is not merely restricted, but transferred to the arbitrator.

If an arbitrator may reverse the board's or chief's exercise of discretion in terminating a probationary employe and reinstate him, the board's or chief's decision becomes meaningless; it may then always be overridden by an arbitrator. In *Glendale,* the collective bargaining agreement, by express terms, merely required the chief "to appoint the most senior qualified candidate . . . ." *Id.* at 102, 264 N.W.2d at 601. Here, as White, Nord and the MPA would have it, a collective bargaining agreement, *without any such express term,* would, in effect, ultimately transfer to the arbitrator the chief's or the board's power to determine that an officer should advance from probationary to permanent status or should be terminated during probation. This cannot be harmonized with either secs. 62.13(4) or 165.85, Stats. The court in *Glendale* tacitly acknowledged that a wholesale transfer of authority is beyond the ambit of a labor agreement.[2]

[2] In *Glendale Professional Policemen's Ass'n v. City of Glendale,* 83 Wis. 2d 90, 107, 264 N.W.2d 594, 603 (1978), our supreme court stated:

Although by entering into the collective bargaining agreement the City relinquished some of the discretion the Chief and the Board enjoyed previously concerning appointments and promotions, it has not transferred from the Chief or the Board the authority to determine who is qualified, and it has not transferred away the appointing authority.

We note that in *Glendale* the chief's authority that was relinquished dealt with the promotion of police officers who had permanent employment and who were not probationary officers.

While there is a broad presumption in favor of arbitrability, *City of Milwaukee v. Milwaukee Police Association,* 97 Wis. 2d 15, 20, 292 N.W.2d 841, 844 (1980), the task of determining whether a dispute is arbitrable is a question of law for the courts. *Joint School District No. 10 v. Jefferson Education Association,* 78 Wis. 2d 94, 101, 253 N.W.2d 536, 540 (1977). Because the strong public policy behind secs. 62.13 and 165.85, Stats., would be thwarted if the broad, general, and not express language of the collective bargaining agreement were read to make probationary terminations arbitrable, we reject so broad a reading and hold that the question is not arbitrable. We therefore affirm Judge Jennings' order, and reverse and remand the judgment of Judge Gerlach with directions to dismiss the petition to confirm the arbitrator's award on the ground that the arbitrator exceeded his powers.[3]

*By the Court.*—Order affirmed; judgment reversed and remanded with directions.

---

[3] We reject, for failure to cross-appeal, the respondent's argument in the *Nord* case which urges us to reconsider our order of August 12, 1982, that denied their motion to dismiss.