IOWA COUNTY, a municipal corporation and Honorable James P. Fiedler, Circuit Court Judge, Plaintiffs-Respondents,

v.

IOWA COUNTY COURTHOUSE/SOCIAL SERVICES EMPLOYEES, LOCAL 413, AFSCME, AFL-CIO and Kristy K. Spurley, as President of Local 413, Defendants-Appellants.

Supreme Court

*No. 90-2015. Oral argument January 2, 1992.—Decided March 4, 1992.*

(Also reported in 480 N.W.2d 499.)

615

For the defendants-appellants there were briefs by *Bruce F. Ehlke* and *Lawton & Cates, S.C.,* Madison and oral argument by *Mr. Ehlke.*

For the plaintiffs-respondents there was a brief by *Kirk D. Strang* and *Godfrey & Kahn, S.C.,* Madison and *Joel L. Aberg* and *Weld, Riley, Prenn & Ricci,* Eau Claire and oral argument by *Mr. Strang.*

Amicus Curiae brief was filed by *Robert W. Mulcahy, John J. Prentice* and *Michael, Best & Friedrich,* Milwaukee for Wisconsin Counties Association.

WILLIAM A. BABLITCH, J.   AFSCME Local 413 appeals a decision of the Circuit Court for Iowa County. The circuit court held that a collective bargaining agreement could not usurp the power of the circuit court judge to appoint a register in probate. Section 851.71(1), Stats., provides that "the judges of the county shall appoint . . . a register in probate." The statute is clear and unambiguous. Accordingly, we affirm the judgment of the circuit court.

The relevant facts are not in dispute. AFSCME Local 413 is a labor organization that represents certain employees of Iowa County. At all times material to this action, there was in effect a collective bargaining agreement between Local 413 and Iowa County pursuant to sec. 111.70, Stats. This agreement governs the wages, hours, and other conditions of employment of the employees represented by Local 413.

The register in probate is an employment position included in the bargaining unit represented by Local 413. The collective bargaining agreement states that a vacancy in any bargaining unit position must be posted before it is filled. The purpose of this provision is to give current Iowa County employees a chance to apply for the position. The agreement also provides that if two persons with similar qualifications are considered for a vacant position, the position must be filled by the person with the greatest seniority. Any disputes under the agreement must be settled through arbitration.

In 1989, a vacancy occurred in the register of probate position. Judge Fiedler filled the position without posting the vacancy. Local 413 filed a grievance against Iowa County alleging that Iowa County had filled the position of register in probate inconsistent with the bargaining agreement. Iowa County and Judge Fiedler then commenced an action seeking a declaratory judgment that the collective bargaining agreement did not supersede Judge Fiedler's authority to fill the position under sec. 851.71, Stats. The circuit court held that the power to appoint a register in probate, although provided for by statute, is also derived from the Wisconsin Constitution Article VII and may not be superseded by a collective bargaining agreement authorized by statute. The circuit court also held that to the extent that provisions of the collective bargaining agreement between Iowa County

and Local 413 purport to regulate the appointment or removal of a register in probate, said provisions are void, and that the grievance filed by Local 413 is not subject to arbitration.

Local 413 appealed to the court of appeals. This court accepted the certification of this case for review and determination.

The issue before us is whether the provisions of a collective bargaining agreement between Iowa County and AFSCME (Local 413) which deal with the hiring of covered employees can regulate a circuit court judge's power to appoint a register in probate. This is a question of law which we review *de novo*. As an initial matter, the parties disagree as to whether the circuit court judge's power to appoint a register in probate derives solely from sec. 851.71, Stats., or is also grounded in the court's inherent constitutional powers. Local 413 vigorously argues that the circuit court's power is purely statutory and does not derive from the constitution. However, we need not address whether the circuit court judge's power is an inherent constitutional power because even if we assume, as Local 413 suggests, that the judge's power is only statutory, we conclude that the collective bargaining agreement cannot supersede the statutory authority given to the circuit court judge.

Section 851.71(1) Stats., provides that "the judges of the county shall appoint . . . a register in probate." Relying on this court's opinion in *Glendale Prof. Policemen's Asso. v. Glendale,* 83 Wis. 2d 90, 103, 264 N.W.2d 594 (1978), Local 413 contends that the collective bargaining agreement may limit this statutory grant of power because the provisions of the agreement can be harmonized with the statute. We conclude that such harmonization is not possible.

In *Glendale Prof. Policemen's Asso.*, 83 Wis. 2d at 103, we determined that a police chief's statutory power to appoint subordinates could be limited by the provisions of a collective bargaining agreement. We reasoned that in order to give effect to sec. 111.70, Stats., a municipal employer may negotiate limitations on its statutory power. Therefore, since negotiated provisions of a collective bargaining are directly authorized by sec. 111.70, they must be given effect and harmonized with apparently conflicting statutes whenever possible. However, the reasoning in *Glendale* is not applicable in this case.

A police chief is employed by and is an agent of the city. Sections 62.13(1) and (3), Stats. Furthermore, a city qualifies as a "municipal employer" under sec. 111.70(1)(j), and thus may enter into a collective bargaining agreement for its employees. It is entirely reasonable then to allow a city to modify, through a collective bargaining agreement, the hiring discretion of the police chief.

However, a circuit court judge is not a "municipal employer." Under sec. 111.70(1)(j), Stats., "municipal employer" is defined as:

> any city, county, village, town, metropolitan sewage district, school district, or any other political subdivision of the state which engages the services of an employe and includes any person acting on behalf of a municipal employer within the scope of his authority, express or implied.

A circuit court judge is the local presence of the state. The judge is not a county employee or an agent of the county. *See State ex rel. Gubbins v. Anson*, 132 Wis. 461, 464, 112 N.W. 475 (1907). In other words, a circuit court judge is not within the statutory definition of a "munici-

pal employer" and as such is not a party to and cannot be bound by the provisions of a collective bargaining agreement entered into by Iowa County and Local 413 which purport to regulate the appointment of a register in probate.[1] The basis for allowing a limitation on a chief of police's statutory discretion discussed in *Glendale,* i.e., the municipal employers' ability to limit its own or its agent's discretion through bargaining, is not present in this case.

██

The express language of sec. 851.71, Stats., makes it clear that circuit court judges and counties have separate powers concerning registers in probate. Section 851.71(1), provides that "the judges of the county shall appoint and may remove a register in probate." Section 851.71(3) provides that the salary of the register in probate "shall be fixed by the county board and paid by the county." No authority is granted to the county to influence the appointment decision. In entering into a collective bargaining agreement, the county as a municipal employer may limit its own power with respect to registers in probate, but it could not put restrictions on the hiring of a register in probate because it was not within its power to begin with. If the provisions of the collective bargaining agreement were found to be binding, these provisions would effectively transfer the circuit court judge's statutory power to the county. In Glendale, we made clear that the harmonization was possible because the collective bargaining agreement merely limited the police chief's discretion, and did not transfer away the authority. *Glendale,* 83 Wis. 2d at 107. If Local 413 were to prevail here, the judge's power to appoint a register in

_____

[1]Section 851.71(4), Stats., which provides for removal of the register in probate in counties of 500,000 or more is not at issue here and we express no opinion as to that section.

probate would be transferred to the county, a result totally in conflict with the statute.

Furthermore, sec. 851.71(1), Stats., states that appointments and removals "may be made only with the approval of the chief judge." The collective bargaining agreement provides for final and binding arbitration in the event of an alleged breach of the agreement. Thus, any attempt to enforce the agreement would impermissibly transfer the appointment of a register in probate to an arbitrator. This also is in direct conflict with the statutory provision.

Local 413 argues that in harmonizing the authority delegated by statute to a circuit court judge at secs. 851.71(1) and 851.72(6), Stats., with a county board's power to establish working conditions pursuant to secs. 59.15(2)(c) and 111.70(1)(a), the board's power must prevail as to any conflict because of sec. 59.15(4). Section 59.15(4) provides: "INTERPRETATION. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail." However, the question in this case is not whether the applicable statutes conflict with one another, but rather whether the collective bargaining agreement irreconcilably conflicts with statutory authority. Thus, sec. 59.15(4), is inapplicable.

For the reasons set forth above we conclude that the provisions within the agreement which purport to regulate the statutory power of the circuit court judge to appoint a register in probate are void, unenforceable, and not subject to arbitration.

*By the Court.*—The judgment of the circuit court is affirmed.