CRAWFORD COUNTY, Petitioner-Respondent-Cross Appellant,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent-Co-Appellant,

AFSCME LOCAL 3108, Respondent-Appellant-Cross Respondent.†

Court of Appeals

*No. 92–0906. Oral argument April 8, 1993.—Decided May 6, 1993.*

(Also reported in 501 N.W.2d 836.)

†Petition to review denied.

66

For the respondent-appellant-cross respondent the cause was orally argued by and submitted on the briefs of *Bruce F. Ehlke* of *Lawton & Cates, S.C.,* of Madison.

For the respondent-co-appellant the cause was orally argued by *David C. Rice*, assistant attorney general, and submitted on the brief of *James E. Doyle*, attorney general, and *David C. Rice*, assistant attorney general.

For the petitioner-respondent-cross appellant the cause was orally argued by *Edward A. Corcoran* and submitted on the brief of *Dennis M. White* of *Brennan, Steil, Basting & MacDougall, S.C.,* of Madison.

Before Eich, C.J., Sundby and Fine, JJ.

EICH, C.J.   AFSCME Local 3108 and the Wisconsin Employment Relations Commission appeal, and Crawford County cross-appeals, from a judgment reversing a decision of the commission which declared the union's proposal to include the appointed deputies of the Crawford County Register of Deeds and Clerk of Circuit Court, and an administrative law clerk in the district attorney's office, under all terms and conditions of the union's collective bargaining agreement to be a mandatory subject of bargaining.

The county sought review in circuit court, arguing that the union's proposal impermissibly interfered with the statutory powers of the clerk and register to

appoint and discharge their deputies. The circuit court affirmed in part and reversed in part, concluding that the proposal did infringe on the officials' power to appoint the deputies, but not on the power to discharge them.

We, of course, review the decision of the commission, not the circuit court. *See Lewandowski v. State,* 140 Wis. 2d 405, 409, 411 N.W.2d 146, 148 (Ct. App. 1987). Doing so, we hold that the proposal interferes with the authority of the register of deeds and the clerk of court to appoint *and* discharge their deputies, but that it does not similarly affect the district attorney's authority to hire an administrative law clerk. We therefore affirm in part and reverse in part.

The facts are not in dispute. In 1984, the newly-elected Crawford County District Attorney declined to reappoint the incumbent administrative law clerk in the office and instead hired someone from outside the bargaining unit. The following year the county board passed a resolution declaring that all clerks and deputies appointed by newly-elected officials from outside the bargaining unit would be required to waive any claim to further employment beyond the term of the official who appointed them. The resolution applied to the three positions at issue in this appeal.

In 1989, the union proposed to include "deputies including accreted deputies in all terms and conditions of the collective bargaining agreement." When a dispute arose as to whether the proposal was a mandatory subject of bargaining, the question was referred to the commission.

As indicated, the commission ruled that because the proposal related primarily to wages, hours and conditions of employment, it was a mandatory subject of

bargaining. The commission also concluded that the proposal did not improperly infringe upon the statutory power of the clerk of court, register of deeds or district attorney to appoint and remove deputies. As we have also noted, the circuit court, on review, ruled that while the proposal did interfere with the power of the elected officials to appoint their deputies, their power to discharge them "at pleasure" (as opposed to "for cause") was bargainable. The union and the commission appeal from the former ruling and the county from the latter.

It is true that we normally will pay some deference to the commission's determination that a particular proposal is a mandatory subject of bargaining under the Municipal Employment Relations Act, sec. 111.70, Stats. — that is, that the proposal is "primarily related" to hours, wages or conditions of employment. *Brown County v. WERC*, 138 Wis. 2d 254, 261–62, 405 N.W.2d 752, 755 (Ct. App. 1987). Here, however, whether the proposal is bargainable turns on whether it abrogates or impermissibly interferes with the legal right of the three officials to appoint the designated subordinates. That is a question involving the interpretation of statutes outside the area of labor relations and the relationship of these sections to the applicable provisions of the Municipal Employment Relations Act. The issue is thus one of law "within the special competence of the courts rather than the Commission . . . ." *City of Brookfield v. WERC*, 87 Wis. 2d 819, 826–28, 275 N.W.2d 723, 726–27 (1979) (quoting *Glendale Professional Policeman's Ass'n v. Glendale*, 83 Wis. 2d 90, 100–01, 264 N.W.2d 594, 600 (1978)). As a result, we do not defer to the commission's decision. *Id.* at 827, 275 N.W.2d at 727.

Clerks of the circuit courts are empowered to appoint deputies by sec. 59.38(1), Stats., which provides:

> Every clerk of the circuit court shall appoint one or more deputies and the appointments shall be approved by the majority of circuit judges for the county, but shall be revocable by the clerk at pleasure . . . . The deputies shall aid the clerk in the discharge of the clerk's duties. In the absence of the clerk from the office or from the court they may perform all the clerk's duties; or in case of a vacancy by resignation, death, removal or other cause the deputy appointed shall perform all such duties until the vacancy is filled.

Section 59.50, Stats. (1989–90), sets out similar authority for county registers of deeds:

> Every register of deeds shall appoint one or more deputies, who shall hold their office during his [or her] pleasure . . . . Such deputy or deputies shall aid the register in the performance of his [or her] duties under his [or her] direction, and in case of vacancy or the register's absence or inability to perform the duties of . . . office such deputy or deputies shall perform the duties of register until such vacancy is filled or during the continuance of such absence or inability.[1]

The district attorney's authority to employ an administrative law clerk is governed by the general authority to hire staff provided by sec. 978.05(8)(b), Stats.: "The district attorney shall . . . [h]ire, employ and supervise his or her staff . . . . Nothing in this paragraph limits the authority of counties to regulate

---

[1] Section 59.50, Stats., has since been amended, but the amendments do not affect this appeal.

71

the hiring, employment and supervision of county employes."

The union, pointing to the general rule of *Glendale*, 83 Wis. 2d at 103–04, 264 N.W.2d at 601, to the effect that collective bargaining under sec. 111.70, Stats., must, where possible, be harmonized with other statutory provisions, maintains that secs. 59.15(2)(d) and 59.15(4), Stats., limit the appointing authority of these officials. Section 59.15(2)(d) authorizes the county board to "contract for the services of employes, setting up the hours, wages, duties and terms of employment for periods not to exceed 2 years"; and sec. 59.15(4) states that "[i]n the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail." To the union, that settles the dispute: by those statutes the county has the power to hire and fire county employees — including the clerk's and register's deputies and the district attorney's law clerk — and that power overrides any appointing and discharging authority provided to those officers elsewhere in ch. 59 or in other sections of the statutes. And it refers us to *Glendale* as an affirmation of that position.

In *Glendale*, the issue was whether a provision in a collective bargaining agreement between the city and its police officers which tied promotions to seniority was illegal in light of the provisions of the general city charter law giving the police chief the power to promote subordinates (subject to approval by the board of police and fire commissioners). The supreme court was able to harmonize the contract provision and the chief's statutory powers by concluding that because the seniority provision applied only to situations where there was more than one qualified candidate for promotion, it did not require the chief to select an unqualified

person who would be entitled to the position not by his or her qualifications, but only by seniority. *Glendale*, 83 Wis. 2d at 106–07, 264 N.W.2d at 602–03. According to the court, "[a] requirement that the chief promote the most senior qualified applicant merely restricts the discretion that would otherwise exist." *Id.* at 102–03, 264 N.W.2d at 601.

We think the union's proposal in this case does much more. With respect to the register of deeds and clerk of courts, at least, we believe it does not merely restrict their authority to hire and fire deputies; as will be seen below, we believe the proposal effectively abrogates that authority. The district attorney's administrative law clerk, however, is in a different position and we consider it first.

Unlike the express statutory power of the clerk of court and register of deeds to appoint deputies, there is no special statute empowering the district attorney to appoint an administrative law clerk. As indicated, that position is filled by the district attorney under his or her general authority to "[h]ire, employ and supervise his or her staff." Section 978.05(8)(b), Stats. And, as we have also noted, that authority is expressly restricted by the provision that it in no way "limits the authority of counties to regulate the hiring, employment and supervision of county employes." We believe that provision, which appears in the statute authorizing the law clerk's hiring, controls; and insofar as the union's proposal would include the law clerk's position in the bargaining unit, it does not improperly limit the district attorney's statutory powers to hire deputies, assistants and other staff under sec. 978.03, Stats.[2]

---

[2] District attorneys have separate authority under sec. 978.03, Stats., to hire deputies who, like the deputies to the

We turn to the effect of the union's proposal on the authority of the register of deeds and clerk of courts to appoint deputies.

In *Milwaukee Police Ass'n v. City of Milwaukee*, 113 Wis. 2d 192, 335 N.W.2d 417 (Ct. App. 1983), a case decided after *Glendale*, the Milwaukee police chief discharged two probationary officers — one who had been found to be physically unfit for the job by the department's medical panel, and another who had been determined to have violated a department rule forbidding mistreatment of prisoners. Both matters went to arbitration over the city's objection and in each instance the arbitrator ordered the employee reinstated.

We held on appeal that arbitration of such probationary terminations conflicted with other statutes authorizing police chiefs and police boards to hire officers and manifesting a "clear . . . legislative intent that the standards for the training and education of police officers are matters of statewide concern." 113 Wis. 2d at 196, 335 N.W.2d at 419. We also rejected the union's argument, based on *Glendale*, that the discharged employees' grievances over their firing should be arbitrable under the collective bargaining agreement because the agreement did not impermissibly restrict the chief's powers, but only "limited [his] discretion" in a manner not expressly prohibited by law. We stated:

> This argument is founded upon language in *Glendale* . . . . There, our supreme court held that a collective bargaining agreement provision that

clerk of courts and register of deeds, may carry out the powers of the district attorney in case of his or her absence or disability. That statute is not involved in this appeal.

74

injected a seniority requirement into police promotions . . . was licit because it "merely restricts the discretion [of the chief] that would otherwise exist." We determine that *Glendale* is inapposite here because we are faced with a situation where discretion is not merely restricted, but transferred to the arbitrator. *Milwaukee Police Ass'n,* 113 Wis. 2d at 196–97, 355 N.W.2d at 419 (citations omitted).[3]

The commission attempts to distinguish *Milwaukee Police Ass'n* on the facts; but whether the case is or is not on all fours with the situation facing us here, we think the concluding words of the preceding quotation are nonetheless applicable. AFSCME's proposal does not merely restrict the officials' statutory appointive powers, it transfers them to others. We agree with the county that the most recent case on the subject, *Iowa County v. Iowa County Courthouse,* 166 Wis. 2d 614, 480 N.W.2d 499 (1992), is most persuasive on this point.

In *Iowa County,* a vacancy occurred in the office of register in probate and the Iowa County circuit court judge, acting under sec. 851.71(1), Stats., which provides that "the judges of the county shall appoint and may remove a register in probate," filled the position without posting the vacancy or otherwise complying with provisions of the collective bargaining agreement between the county and the union representing certain of its employees with respect to filling vacancies in county employment. The union filed a grievance against the county, and the county and the judge com-

---

[3] Another distinction between *Glendale* and this case is the fact that the deputy or deputies appointed by the clerk of courts and register of deeds are specifically empowered by statute to discharge all duties of the principal office in case of vacancy or the inability of the principal officer to serve.

menced an action seeking a declaratory judgment that the collective bargaining agreement did not supersede his authority to fill the position.

The union, relying on *Glendale*, argued that the agreement did not abrogate or unreasonably interfere with the judge's statutory authority[4] to hire a register in probate, but only limited it, and thus the two could be harmonized. The supreme court rejected the argument, distinguishing *Glendale* on the basis that because the police chief was appointed by the city and was thus its "agent," the city could, by entering into a collective bargaining agreement, modify its agent's hiring discretion. *Iowa County*, 166 Wis. 2d at 619, 480 N.W.2d at 501. On the other hand, the court said, a circuit judge "is not a county employee or an agent of the county," but rather represents "the local presence of the state," and thus was not a party to and cannot be bound by the provision of the agreement purporting to regulate his or her appointing authority under sec. 851.71, Stats. *Id.* at 619–20, 480 N.W.2d at 501–02.

Noting, as is the case with the deputies involved in this appeal, that the county possessed authority to fix the salary of the register in probate under sec. 851.71(3), Stats., the *Iowa County* court stated that there was nothing in that statute granting any authority to the county "to influence the appointment decision." 166 Wis. 2d at 620, 480 N.W.2d at 502. Thus, the court concluded:

---

[4] It was argued in *Iowa County* that the circuit judge also had the inherent power to appoint the register in probate; but the supreme court specifically declined to address that contention, relying solely for its decision on the judge's statutory powers. 166 Wis. 2d at 618, 480 N.W.2d at 501.

If the provisions of the collective bargaining agreement were found to be binding, the[y] would effectively transfer the circuit court judge's statutory power to the county. In *Glendale*, we made clear that the harmonization was possible because the collective bargaining agreement merely limited the police chief's discretion, and did not transfer away the authority. If [the union] were to prevail here, the judge's power to appoint a register in probate would be transferred to the county, a result totally in conflict with the statute. *Iowa County*, 166 Wis. 2d at 620–21, 480 N.W.2d at 502 (citations omitted).[5]

The union argues that *Iowa County* is inapposite because it involved the appointive powers of a *state* official — a circuit court judge; whereas in this case the appointing officials — the clerk of courts and register of deeds —are merely *county* officials. But whether they are county officers or whether they represent the state's presence in the county, as the supreme court discussed in *Iowa County*, they are not mere "agents" of the county, as was the police chief in *Glendale*.

We believe that the officials in this case — the register of deeds, the clerk of circuit court and the district attorney — are, not unlike the circuit judge in *Iowa County*, officials who, while having a "local presence," perform to a significant degree the business of the people of the state. 166 Wis. 2d at 619, 480 N.W.2d at 501 (citing *State ex rel. Gubbins v. Anson*, 132 Wis. 461, 464, 112 N.W. 475 (1907)). This is recognized, we

---

[5] As is the case with the statute authorizing circuit judges to "appoint *and . . . remove*" registers in probate, secs. 59.38(1) and 59.50, Stats., expressly provide that deputies appointed by clerks of court and registers of deeds are to serve at or during the "pleasure" of the appointing officials.

believe, by the constitutional origins of the offices themselves, the statutory provisions authorizing their appointed deputies to carry out the functions of the offices in the event of vacancy or inability of the office-holder to serve, and by the various provisions of the Wisconsin Constitution and state statutes which, in distinction to local officers, give other *state* officials a role in their appointment, resignation and removal.[6]

We conclude, therefore, that while the county has the authority to establish the pay and regulate other conditions of employment of its employees, and thus the authority to bargain collectively with the union on those subjects, that authority does not extend to bargaining away the statutory power of the clerk of court and register of deeds to appoint and discharge deputies.[7]

---

[6] The office of clerk of circuit court is provided for by art. VII, sec. 12 of the Wisconsin Constitution; and his or her resignation goes to the circuit court judges, who also have the power to remove the clerk from office. Sections 17.01(6) and 17.09(2), Stats. The office of register of deeds is provided for in art. VI, sec. 4(1) of the constitution; his or her resignation goes to the sheriff and then to the governor, sec. 17.01(7), and he or she can be removed from office only by the governor, art. VI, sec. 4(4).

[7] AFSCME argues here, as it did in *Iowa County*, that the provision in sec. 59.15(4), Stats., stating that the county's power to regulate county employment should "prevail" in case of any conflict with other laws, compels a decision affirming the bargainability of the appointment and discharge of the deputies. The supreme court rejected the argument, noting that the issue "is not whether the applicable statutes conflict with one another, but rather whether the collective bargaining agreement irreconcilably conflicts with statutory authority. Thus, sec. 59.15(4), is inapplicable." *Iowa County*, 166 Wis. 2d at 621, 480 N.W.2d at 502. We reach the same conclusion here.

As in *Iowa County*, the express powers of the register of deeds and the clerk of courts to appoint and discharge deputies are separate from those of the county.

> No authority is granted to the county to influence the appointment decision [in these instances]. In entering into a collective bargaining agreement, the county as a municipal employer may limit its own power with respect to [these deputy positions], but it could not put restrictions on the[ir] hiring . . . because it was not within its power to begin with. . . . If [the union] were to prevail here, the [clerk of court's and register of deeds'] power to appoint [deputies] would be transferred to the county, a result totally in conflict with the statute[s]. *Iowa County*, 166 Wis. 2d at 620–21, 480 N.W.2d at 502.

*By the Court*.—Judgment affirmed in part; reversed in part.