WINNEBAGO COUNTY, a State of Wisconsin municipal corporation, and Julie A. Pagel, in her capacity as Winnebago County Clerk of Courts, Plaintiffs-Respondents,†

v.

The WINNEBAGO COUNTY COURTHOUSE EMPLOYEES ASSOCIATION and Patricia Felker, Defendants-Appellants,

The Honorable William H. CARVER, Defendant-Respondent.

Court of Appeals

*No. 94–2504. Submitted on briefs July 28, 1995.—Decided September 6, 1995.*

(Also reported in 540 N.W.2d 204.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Frederick J. Mohr, S.C.,* of Green Bay.

On behalf of the plaintiffs-respondents, the cause was submitted on the briefs of *John A. Bodnar*, Corporation Counsel.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. The Winnebago County Courthouse Employees Association (WCCEA) and Patricia Felker appeal from an order of the circuit court wherein the court granted declaratory judgment in favor of Winnebago County and Julie Pagel. Because we conclude that § 59.38, STATS., does not give the clerk of circuit court the statutory authority to terminate the employment of a judicial assistant without following the terms of the labor agreement, we reverse.

Felker was an employee of Winnebago County. She had the dual employment status of judicial assistant assigned to Judge William H. Carver as well as a deputized clerk of the circuit court. Felker was removed from the position of judicial assistant by Pagel, Clerk of Circuit Court, at the request of Judge Carver. Felker was subsequently terminated. In a letter to Felker, Pagel stated that the reason for Felker's termination, among other things, was that she allegedly tape

recorded conversations with Judge Carver without his knowledge.

WCCEA filed a grievance on behalf of Felker, challenging her discharge. Article VI of the agreement provides: "The County shall have the right to discharge any employee for just cause." Article VII sets forth the grievance procedure to follow on matters involving the interpretation, application or enforcement of the terms of the agreement. The County, however, refused to process the grievance, stating that it had no authority to require the clerk of courts to continue to employ Felker. WCCEA filed a complaint with the Wisconsin Employment Relations Commission (WERC), alleging that the County had committed a prohibited practice.

The County filed a complaint for declaratory judgment in the circuit court requesting a determination that Judge Carver and Pagel were nonparties to the collective bargaining agreement; that the Wisconsin Constitution and the Wisconsin Statutes confer certain inalienable rights to Judge Carver pertaining to his assignment of deputy clerks of court who act as judicial assistants which could not be superseded by the labor contract between Winnebago County and WCCEA; that § 59.38(1), STATS., confers certain inalienable rights to Pagel which could not be superseded by the labor agreement; that provisions of the labor agreement which attempted to modify these rights should be declared null and void and that Felker's labor grievance was not substantively arbitrable. WCCEA and Felker filed a motion requesting the court to dismiss the County's complaint and order the County to submit Felker's dismissal to arbitration pursuant to the labor agreement.

The trial court granted the County's demand for declaratory judgment, holding that Pagel and Judge

Carver were not parties to the collective bargaining agreement and that the agreement did not supersede the inalienable rights of Judge Carver regarding the assignment of deputy clerks to his court as judicial assistants. The court also held that Articles VI and VII of the labor agreement as applied to the discharge of Felker were null and void and violative of § 59.38(1), STATS., and Art. VII, § 12 of the Wisconsin Constitution and that Felker and WCCEA's pending labor grievance was not substantively arbitrable under § 111.70, STATS. Felker and WCCEA appeal.

Whether the clerk of circuit court has the statutory power, pursuant to § 59.38(1), STATS., to terminate a judicial assistant's employment without just cause is a question of statutory interpretation which we review de novo. *See K.N.K. v. Buhler*, 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987). We also note that "[a] collective bargaining agreement under § 111.70, STATS., must, where possible, be harmonized with other statutory provisions." *County of Eau Claire v. AFSCME Local 2223*, 190 Wis. 2d 299, 305, 526 N.W.2d 802, 804 (Ct. App. 1994).

Felker and WCCEA argue that "the trial court improperly interpreted the meaning of the power of the clerk of the circuit court to revoke an appointment." Section 59.38(1), STATS., provides:

> Every clerk of the circuit court shall appoint one or more deputies and the appointments shall be approved by the majority of circuit judges for the county, but shall be revocable by the clerk at plea-sure . . ..

Felker and WCCEA claim that the trial court's ruling was too broad an interpretation of the clerk's power of

revocation when it held that the clerk's right to revoke an appointment also granted the clerk the right to terminate the employee's employment.

We agree with Felker and WCCEA that the clerk of courts' statutory authority is limited to the appointment of *deputies* and the revocation of that status. Section 59.38(1), STATS., does not grant the clerk the power to terminate the employment of a judicial assistant without just cause. Such an interpretation of § 59.38(1) exceeds the plain language of the statute and would impinge upon the power of the county board. Section 59.15(2)(c), STATS., provides:

> The board may . . . establish the number of employes in any department or office including deputies to elective officers, and may establish regulations of employment for any person paid from the county treasury . . ..

Having the power to establish employment regulations, the County can bargain that power with the union.[1] A limitation on the clerk of courts' power requiring the clerk to terminate a judicial assistant

---

[1] When creating any position in a department or office, under § 59.15(2)(c), STATS., a county is free to give that position managerial and supervisory powers, and employees in such positions could be exempt from the Municipal Employment Relations Act (MERA). *See* § 111.70(1)(i) & (o), STATS.; *County of Eau Claire v. AFSCME Local 2223*, 190 Wis. 2d 299, 526 N.W.2d 802 (Ct. App. 1994). A county is also free to bargain with the union representing its employees to exclude nonmanagerial and nonsupervisory positions in county departments or offices from the collective bargaining agreement. Therefore, in the future, situations may arise where county employees assigned to assist circuit judges are not afforded protection under a collective bargaining agreement or MERA.

pursuant to the labor agreement does not impermissibly infringe upon his or her statutory authority.[2]

The County emphasizes the fact that Felker was not removed from the position of judicial assistant upon Pagel's own initiative but, rather, at the direction of Judge Carver. The County states that the judicial branch of government has certain inherent powers, citing *Breier v. E.C.*, 130 Wis. 2d 376, 386, 387 N.W.2d 72, 76 (1986) (quoted source omitted), for the following proposition:

> From time immemorial, certain powers have been conceded to courts because they are courts. Such powers have been conceded because without them they could neither maintain their dignity, transact

---

[2] We distinguish the recent case of *Heitkemper v. Wirsing*, 194 Wis. 2d 182, 533 N.W.2d 770 (1995), from this appeal. The issue in *Heitkemper* was whether a collective bargaining agreement could limit a sheriff's ability to dismiss and demote a deputy. The supreme court held that "Because neither [the sheriff's] power to dismiss nor demote a deputy is constitutionally protected and because the collective bargaining agreement does not conflict with [the sheriff's] statutory powers . . . the agreement is valid and enforceable." *Id.* at 185, 533 N.W.2d at 771.

In its holding, the supreme court distinguished *Crawford County v. WERC*, 177 Wis. 2d 66, 501 N.W.2d 836 (Ct. App. 1993), stating that the statute in *Crawford County* contained little or few limits on the clerk's power to appoint subordinates and afforded no protections to the appointed subordinates, unlike the sheriff's power which was statutorily limited. *Heitkemper*, 194 Wis. 2d at 200, 533 N.W.2d at 777.

The facts in the present case are distinguishable from *Heitkemper* in that the clerk's ability to dismiss a judicial assistant is limited by the language of both §§ 59.38(1) and 59.15(2) (c), STATS.

their business, nor accomplish the purposes of their existence. These powers are called inherent powers.

The court in *Breier* cited prior case law defining inherent power as "one without which a court cannot properly function." *Id.* at 387, 387 N.W.2d at 77.[3] The County argues:

> The parties' collective bargaining agreement cannot be harmonized in relationship to the facts of this case so as to allow a usurpation of the inherent power of the court and the judicial branch of government to transact its business in such a manner that the dignity and efficiency of that branch of government is not impaired or curtailed.

We disagree with the County and conclude that this case does not involve the inherent powers of the court and should not be read as such. As we read the constitution, relevant statutory provisions, case law and the labor agreement, our decision today does not infringe upon the inherent power of a court to appoint or remove his or her staff.[4] A court's right to remove and appoint a staff member is an entirely different issue than the subsequent termination of that staff member's employment. The power to terminate Felker's employment without just cause or without

---

[3] The court in *Breier v. E.C.*, 130 Wis. 2d 376, 386, 387 N.W.2d 72, 76 (1986) (quoted sources omitted), cited the following language:

> The authorities, in so far as any can be found on the subject, are to the effect that a constitutional court of general jurisdiction has inherent power to protect itself against any action that would unreasonably curtail its powers or materially impair its efficiency.

[4] The court's right to remove members from his or her staff is not subject to collective bargaining.

adhering to the grievance procedure is not essential to the existence or orderly functioning of a circuit court, nor is it necessary to maintain the circuit court's dignity, transact its business or accomplish the purpose of its existence. *Breier*, 130 Wis. 2d at 386, 387 N.W.2d at 76. That a collective bargaining agreement might require just cause for termination or adherence to a grievance procedure does not restrict the judge's inherent powers.

In *County of Eau Claire*, 190 Wis. 2d at 302, 526 N.W.2d at 803, the court concluded that deputized employees, apart from the chief deputy, are exempt from Municipal Employment Relations Act (MERA) coverage only to the extent that they in fact function as managerial or supervisory employees, as that term is defined by case law.[5] The court in *County of Eau Claire* went on to harmonize MERA and the appointment authority so that the clerk retained the power to hire and fire deputies at will, but only to the extent that the persons appointed fell within the classification of managerial employees.

In the present case, whether Felker functioned as a managerial employee in her capacity as a deputy clerk was not an issue before the trial court; hence, no

---

[5] In its decision, the court distinguished *Crawford County*, stating:

That case held that an irreconcilable conflict existed between the County's power to bargain collectively with the union on various subjects of employment and the power of the clerk of court and register of deeds to appoint and discharge deputies. We distinguish *Crawford* on its facts because it apparently involved a union exclusion of only a single chief deputy in each office.

*County of Eau Claire*, 190 Wis. 2d at 302, 526 N.W.2d at 803 (citation omitted).

findings were made. We need not, however, decide this question today. It is undisputed that Felker also had the employment status of a judicial assistant. The County negotiated a collective bargaining agreement with the union which included the position of judicial assistant under "office positions." Because the position of judicial assistant is covered under the labor agreement and is not a position which the clerk of circuit court is empowered by statute to appoint or remove, Felker must be allowed the due process afforded under the contract's grievance procedure.

Lastly, Felker and WCCEA argue that the trial court should have stayed the proceedings and ordered arbitration. Instead, the court held that because Articles VI and VII of the agreement as applied to deputies of constitutionally elected officials of Winnebago County was null and void, the labor grievance was not substantively arbitrable under § 111.70, STATS. We conclude that because the labor agreement and the statutory powers of the clerk of courts can be harmonized, the just cause and grievance procedure provisions of the agreement are not null and void, and thus, arbitration should have been ordered.

*By the Court.*—Order reversed.