ONEIDA COUNTY, Petitioner-Appellant,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION and Oneida County Courthouse Employees, Local 158, Respondents-Respondents.

Court of Appeals

*No. 00–0466. Submitted on briefs August 7, 2000.—Decided August 29, 2000.*

## 2000 WI App 191

(Also reported in 618 N.W.2d 891.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Dean R. Dietrich* and *Julie M. Falk* of *Ruder, Ware & Michler, S.C.*, Wausau.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*,

attorney general, and *David C. Rice*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.  PETERSON, J.  The issue in this case is whether chief deputies in the offices of clerk of court, county clerk, county treasurer and register of deeds are excluded from a collective bargaining unit as a matter of law. We hold they are not and accordingly affirm the order.

## BACKGROUND

¶ 2.  Oneida County originally commenced a declaratory judgment action seeking a ruling that the deputy clerk of court, deputy county clerk, deputy county treasurer and deputy register of deeds are excluded from the collective bargaining unit of the Oneida County Courthouse Employees, Local 158. The collective bargaining agreement provides "all regular full-time and regular part-time employees of the Oneida County Courthouse [are] covered by this agreement, but excluding all elected personnel, supervisory personnel, and managerial personnel, as defined by the Act." The Act referred to is the Municipal Employment Relations Act (MERA), WIS. STAT. §§ 111.70–111.77.[1] The deputies, as members of the collective bargaining unit, are covered by the agreement.[2]

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[2] The only statutory reference to a "chief" deputy is for the clerk of court office in Milwaukee County. WIS. STAT. § 59.40(1)(b). Every other statute refers only to "deputy" or "deputies." Nevertheless, by practice counties have apparently adopted the title of "chief deputy" for positions in various offices.

¶ 3.  The County sought exemption for the deputies based on two contentions. First, by virtue of their

The following Wisconsin Statutes are the relevant statutes regarding deputies:

**59.23  Clerk. (1)** DEPUTIES; SALARIES; VACANCIES. (a) Every clerk shall appoint in writing one or more deputies and file the appointment in the clerk's office. The deputy or deputies shall aid in the performance of the duties of the clerk under the clerk's direction, and in case of the absence or disability of the clerk or of a vacancy in the clerk's office, unless another is appointed therefor as provided in par. (c), shall perform all of the duties of the clerk during the absence or until the vacancy is filled. The board may, at any meeting, provide a salary for the deputy or deputies.

**59.25  Treasurer.**

. . . .

**(2)** DEPUTIES; OATH; SALARY; TEMPORARY VACANCY. (a) The treasurer shall appoint one deputy to aid the treasurer, under the treasurer's direction, in the discharge of the duties of the office of treasurer. A deputy appointed under this paragraph may be removed only for just cause. The appointment shall be in writing and shall be filed and recorded in the treasurer's office. Such deputy, in the absence of the treasurer from the treasurer's office or in case of a vacancy in said office or any disability of the treasurer to perform the duties of the office of treasurer, unless another is appointed therefor as provided in par. (b), shall perform all of the duties of the office of treasurer until such vacancy is filled or such disability is removed. The person so appointed shall take and file the official oath. The person shall file his or her appointment with the clerk. The board may, at its annual meeting or at any special meeting, provide a salary for the deputy.

**59.40  Clerk of court. (1)** CLERK OF COURT; DEPUTIES; CHIEF DEPUTY; DIVISION CHIEF DEPUTIES; CALENDAR DEPUTY IN CERTAIN COUNTIES. (a) *Counties of less than 500,000 population.* Every clerk of the circuit court shall appoint one or more deputies and the appointments shall be approved by the majority of circuit judges for the county, but shall be revocable by the clerk at pleasure, except in counties having a population of 500,000 or more. The appointments and revocations shall be in writing and shall be filed in the clerk's office. The deputies shall aid the clerk in the discharge of the clerk's duties. In the absence of the clerk from the office or from the court, the deputies may perform all the clerk's duties; or in case of a

designation as chief deputies, the County claimed the positions are exempt from MERA as a matter of law. Alternatively, the County contended the deputies are exempt by the terms of MERA because the deputies are supervisors or managerial employees.[3]

¶ 4. The circuit court referred the case to the Wisconsin Employment Relations Commission (WERC). The commission held a hearing, made findings and concluded that (1) the positions are not exempt from MERA as a matter of law and (2) based on the facts, the deputy clerk of court is exempt as a supervisor under MERA, but the other deputies are not exempt because they are neither supervisors nor managerial employees.

¶ 5. The County then filed a petition for judicial review of the commission's decision. The circuit court affirmed and this appeal follows.

---

vacancy by resignation, death, removal or other cause the deputy appointed shall perform all such duties until the vacancy is filled.

**59.43 Register of deeds; duties, fees, deputies.**

. . . .

**(3)** REGISTER OF DEEDS; DEPUTIES. Every register of deeds shall appoint one or more deputies, who shall hold office at the register's pleasure. The appointment shall be in writing and shall be filed and recorded in the register's office. The deputy or deputies shall aid the register in the performance of the register's duties under the register's direction, and in case of the register's vacancy or the register's absence or inability to perform the duties of the register's office the deputy or deputies shall perform the duties of register until the vacancy is filled or during the continuance of the absence or inability.

[3] WISCONSIN STAT. § 111.70(1)(i) reads as follows: " 'Municipal employe' means any individual employed by a municipal employer other than an independent contractor, supervisor, or confidential, managerial or executive employe."

## STANDARD OF REVIEW

■

¶ 6. We review the decision of the commission and not the circuit court. *See Lewandowski v. State,* 140 Wis. 2d 405, 409, 411 N.W.2d 146 (Ct. App. 1987). Some deference is normally paid to the commission's determination. *See Brown County v. WERC,* 138 Wis. 2d 254, 261–62, 405 N.W.2d 752 (Ct. App. 1987). However, when the question involves the interpretation of statutes and case law outside the area of labor relations and the statute's relationship to the applicable provisions of the MERA, the issue is one of law " 'within the special competence of the courts rather than the Commission . . . .' " *City of Brookfield v. WERC,* 87 Wis. 2d 819, 827, 275 N.W.2d 723 (1979) (quoting *Glendale Prof'l Policemen's Ass'n v. Glendale,* 83 Wis. 2d 90, 100–01, 264 N.W.2d 594 (1978)). As a result, we do not defer to the commission's decision. *See id.*

## DISCUSSION

### I. *MATTER OF LAW ARGUMENT*

#### A. Case Law

¶ 7. The County's primary argument is that under *County of Eau Claire v. AFSCME Local 2223,* 190 Wis. 2d 298, 526 N.W.2d 802 (Ct. App. 1994) and *Winnebago County v. Winnebago County Courthouse Employees Ass'n,* 196 Wis. 2d 733, 540 N.W.2d 204 (Ct. App. 1995), chief deputies are automatically excluded from the bargaining unit. We are not persuaded.

¶ 8. As a backdrop to *Eau Claire* and *Winnebago,* we first review two cases which set the stage, *Iowa County v. Iowa County Courthouse Soc. Servs. Employees,* 166 Wis. 2d 614, 480 N.W.2d 499 (1992) and

*Crawford County v. WERC*, 177 Wis. 2d 66, 501 N.W.2d 836 (Ct. App. 1993). In *Iowa*, the position of register in probate became vacant. A statute provided that the judge shall appoint the register in probate. The county's collective bargaining agreement, however, provided that vacancies must be posted and that the most senior person applying must get the job. Our supreme court concluded that while a county may limit its own power with respect to registers in probate, e.g., setting salary, it could not bargain "restrictions on the hiring of a register in probate because it was not within its power to begin with." *See Iowa County*, 166 Wis. 2d at 620. Thus, the provisions in the agreement which purported to limit the statutory power of the judge to appoint a register in probate were void. All other provisions remained in effect. *See id.* at 621.

¶ 9.　In *Crawford*, the union proposed subjecting deputies in the clerk of court's and register of deeds' offices to all terms and conditions of a collective bargaining agreement. The statutes, however, authorized the elected clerk of court and register of deeds to appoint and remove deputies. Consistent with *Iowa*, we concluded that the county could not bargain away the statutory power of the clerk of court and register of deeds to appoint and discharge deputies. *See Crawford County*, 177 Wis. 2d at 78. The county could, however, bargain on subjects over which it had authority, such as pay and other conditions of employment. *See id.*

¶ 10.　Oneida County first relies on the *Eau Claire* case. There, we again dealt with the offices of clerk of court and register of deeds. The county had entered into a collective bargaining agreement with the union covering the employees in those offices. The collective bargaining agreement contained provisions for hiring and firing: required posting for hiring and

required just cause for firing. Each office had a non-union chief deputy position, but virtually every other employee was deputized and was covered by the agreement.

¶ 11. We first stressed the importance of harmonizing, if possible, the provisions of a collective bargaining agreement under MERA with other conflicting statutory provisions. *See County of Eau Claire*, 190 Wis. 2d at 304. We observed that *Crawford* involved only a single chief deputy in the offices of clerk of court and register of deeds. We then limited the holding of *Crawford* to those facts "to avoid the evisceration of the legislative intent underlying MERA" and the statutes authorizing the clerk of court and register of deeds to appoint and discharge deputies. *County of Eau Claire*, 190 Wis. 2d at 305.

> While *Crawford* could not reconcile the appointment of a deputy clerk and deputy register at the pleasure of their superior, it does not follow that the number of appointments pursuant to this statutory power is unlimited. The size and function of the particular office will ultimately determine the scope of the power.

*Id.* We then remanded the case to determine whether any employees were exempt under MERA as supervisors or managers. If not, they would remain covered by the agreement and were not exempt merely because they were deputized. *See id.* at 307.

¶ 12. Oneida County seizes on the following statement in *Eau Claire*: "We conclude that deputized employees, apart from the chief deputy, are exempt from MERA coverage only to the extent that they in fact function as managerial or supervisory employees . . . ." *Id.* at 301. From this, the County concludes that

chief deputies are automatically excluded from the collective bargaining unit as a matter of law. It would not have to show whether the chief deputies are exempt from MERA as supervisors or managers because MERA does not apply to chief deputies. Other deputy employees, according to the County, are covered by MERA and are only exempt if they are supervisors or managers.

¶ 13. As a preliminary matter, *Eau Claire* did not address whether chief deputies are automatically exempt from MERA. That was not an issue in the case. In fact, the chief deputies there were non-union positions. The issue was whether deputized employees, aside from the chief deputy, were subject to MERA. *See id.* Any comments about chief deputies must be read in the context of the facts of the case.

¶ 14. More fundamentally, however, the County misreads our decision. *Crawford* held that deputies were subject to the collective bargaining agreement in all respects except those that conflicted with the statutory powers of appointment and removal. *See Crawford County,* 177 Wis. 2d at 78. By limiting *Crawford* to its facts, *Eau Claire* restricted *Crawford's* holding to one chief deputy in each office. *See County of Eau Claire,* 190 Wis. 2d at 304. That chief deputy is subject to MERA with one exception: the county may not bargain away the elected official's power to appoint and discharge. By applying MERA in all other respects to chief deputies, they will be subject to a collective bargaining agreement unless they are exempt as supervisors or managers, just like other deputies. Thus, under *Eau Claire,* the difference between the chief deputy and other deputies is simply that the elected official always retains the power to appoint and discharge the chief deputy. The power to hire and fire other deputies, how-

ever, can be limited by a collective bargaining agreement.

¶ 15.   Last, the County cites the *Winnebago* case. However, *Winnebago* merely restated the holding in *Eau Claire*. *See Winnebago County*, 196 Wis. 2d at 743. It did not expand the holding, nor was the question of a chief deputy's exemption from MERA even an issue in the case. *Winnebago* adds no further support to the County's argument.

¶ 16.   Thus, we conclude that, contrary to the County's argument, *Eau Claire* and *Winnebago* do not support the proposition that chief deputies are exempt from MERA as a matter of law. To the contrary, the case law holds that chief deputies are subject to MERA, with the exception of the elected officials' power to appoint and discharge.

B.   Legislative History

¶ 17.   The County additionally argues that WERC disregarded relevant legislative history regarding the revision of the treasurer's powers in WIS. STAT. § 59.25(2)(a). The former statute allowed the treasurer to appoint one or more deputies. The statute was amended by 1997 Wisconsin Act 211 to limit the appointment to one deputy and to require just cause for discharge. The County argues that these amendments were prompted by its interpretation of the rulings in *Eau Claire* and *Winnebago*. We reject the County's argument because, as already explained, we reject its interpretation of our cases.

¶ 18.   The County cites a legislative reference bureau memorandum to support its argument for why the statute was changed. To begin with, we do not defer

to the legislative reference bureau for an interpretation of our decisions. In addition, the County does not make an argument that the statute is ambiguous. In the absence of ambiguity, we do not refer to legislative history. *Cf. State v. Sample*, 215 Wis. 2d 487, 495, 573 N.W.2d 187 (1998).

¶ 19.   Finally, a reading of the legislative amendments cited by the County actually supports the commission's decision. WISCONSIN STAT. § 59.52(2)(a) was amended to provide for the appointment of a single deputy treasurer and to permit the removal of the deputy treasurer only for just cause. It provides the deputy treasurer with just cause protection, a protection the position would lack under the holding in *Crawford*.

C.   Public Policy

¶ 20.   The County also makes a public policy type of argument for exclusion of chief deputies from the collective bargaining unit. The argument is as follows:

> Pursuant to the appointment statutes, the Deputies perform the statutory duties and, with regard to the offices of the Register of Deeds and the Clerk of Court, the constitutional duties, of their respective elected officials during a vacancy in the elective office, during an absence of the elected official, or during a period in which the elected official is unable to perform his or her duties. The terms of employment of the Deputies are also coextensive with the elected official who appointed them. Like the elected officials, the Deputies are required by statute to take and file an oath and post a bond. . . . The Deputies' duties and conditions of employment are those of the elected officials, rather than that of mere employees. (Footnote omitted.)

773

As a result, the County contends that chief deputies "cannot fairly and effectively perform their duties if they are torn by an allegiance to the bargaining unit members or are unduly influenced by their own membership."

¶ 21. The County's argument must be rejected for three reasons. First, we have previously acknowledged these factors. In *Crawford* we recognized

> the constitutional origins of the offices themselves, the statutory provisions authorizing their appointed deputies to carry out the functions of the offices in the event of vacancy or inability of the officeholder to serve, and by the various provisions of the Wisconsin Constitution and state statutes which, in distinction to local officers, give other state officials a role in their appointment, resignation and removal.

*Id.* 2d at 77–78. That recognition, however, did not lead to the sweeping conclusion of automatic exemption from the collective bargaining unit. Rather, it led to harmonizing the statutes by barring only the county's authority to bargain the statutory powers of appointment and discharge.

¶ 22. Second, the statutes and the constitution do not support the County's argument. Rather, those laws all refer to a "deputy" or "deputies." None specifies a "chief" deputy. If we were to accept the County's argument based on the statutes and the constitution, we would logically have to exempt all deputies in these offices from the collective bargaining unit. Since most employees in these offices are deputized, this would have the effect of abrogating the collective bargaining rights of a major portion of courthouse employees. This

is a conclusion we will not reach on public policy grounds.

¶ 23.    Third, the County's argument is directed at the wrong forum. A public policy argument is best made to the legislature. A court's function is to interpret and give effect to the statutes, not to rewrite them on the grounds of public policy. *See Flynn v. DOA*, 216 Wis. 2d 521, 539, 576 N.W.2d 245 (1998).

## II.  EVIDENCE ARGUMENT

■■

¶ 24.    Finally, the County argues that if the chief deputies are not exempt from MERA as a matter of law, then the evidence shows that they should all be exempt as supervisory or managerial positions. However, this issue was not raised in circuit court. In fact, in its reply brief in circuit court, the county specifically stated:

> [T]he Commission argues that it could reasonably find that the Deputy County Clerk, Deputy County Treasurer, and Deputy Register of Deeds did not qualify as managerial or supervisory employees within the meaning of the Municipal Employment Relations Act (MERA). Oneida County is not challenging that determination. Rather, the County's sole contention in this matter is that these Deputies, and the Deputy Clerk of Court, should be excluded from the collective bargaining unit as a matter of law because they are duly appointed Chief Deputies to the elected officials.

We generally do not address issues raised for the first time on appeal. *See Anderson v. Nelson*, 38 Wis. 2d 509, 514, 157 N.W.2d 655 (1968). We conclude that the County waived any claim that the positions were

supervisory or managerial by its failure to raise the issue in the circuit court.

*By the Court.*—Order affirmed.